08-3974-ag
Zheng v. Holder

BIA
Ferris, IJ
A095 377 251

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of March, two thousand ten.

PRESENT:

> DENNIS JACOBS,
> > *Chief Judge*,
> JOSEPH M. McLAUGHLIN,
> GERARD E. LYNCH,
> > *Circuit Judges*.

_____

YING ZHENG,
> *Petitioner*,

    v.                             08-3974-ag

                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,*
> *Respondent*.

_____

FOR PETITIONER:      Thomas V. Massucci, New York, New York.

_____

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Ethan B. Kanter, Senior Litigation Counsel, Glen T. Jaeger, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ying Zheng, a native and citizen of the People's Republic of China, seeks review of a July 21, 2008 order of the BIA, affirming the December 22, 2004 decision of Immigration Judge ("IJ") Noel Ferris, which denied her application for asylum and withholding of removal. *In re Ying Zheng*, No. A095 377 251 (B.I.A. July 21, 2008), *aff'g* No. A095 377 251 (Immig. Ct. N.Y. City Dec. 22, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the BIA's decision alone. *See Belortaja v. Gonzales*, 484 F.3d 619, 623 (2d Cir. 2007). The applicable standards of review are well-established. *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99,

110 (2d Cir. 2008).

Substantial evidence supports the BIA's determination that Zheng failed to demonstrate her eligibility for asylum or withholding of removal. Her claim is premised on forced use of an intrauterine device ("IUD"), which is not a per se form of persecution. *Xia Fan Huang v. Holder*, 591 F.3d 124, 129-30 (2d Cir. 2010). Moreover, the record does not compel the conclusion that Zheng demonstrated surrounding circumstances rising to the level of persecution. *See id.* at 128-30; *see also Matter of M-F-W- & L-G-*, 24 I. & N. Dec. 633, 639-42 (B.I.A. 2008) (citing *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) and *Chen v. U.S. INS*, 359 F.3d 121, 128 (2d Cir. 2004)). Because substantial evidence supports the BIA's determination that Zheng failed to demonstrate that she suffered past persecution, she was not entitled to a presumption of a well-founded fear or likelihood of future persecution. *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1). Zheng has not alleged a prospective fear of persecution independent of her purported involuntary IUD insertion. Accordingly, the BIA reasonably denied Zheng's applications for asylum and withholding of removal, and we need not consider her

alternative arguments that her purportedly involuntary IUD insertion occurred on account of a protected ground, *see* 8 U.S.C. § 1101(a)(42); *see also* 8 C.F.R. § 1208.16(b)(1).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk